UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Rhonda Ramsey,<br><br>                    Plaintiff<br><br>   v.<br><br>Clark County Detention Center, *et al.*,<br><br>                    Defendants | Case No. 2:22-cv-01959-CDS-VCF<br><br>SCREENING ORDER |

Plaintiff Rhonda Ramsey, an inmate in the custody of the Clark County Detention Center ("CCDC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. ECF Nos. 1-1, 4. I now address Plaintiff's application to proceed *in forma pauperis* and screen her civil rights complaint under 28 U.S.C. § 1915A.

I.       IN FORMA PAUPERIS APPLICATION

Plaintiff's application to proceed *in forma pauperis* is granted. ECF No. 4. Based on the information about Plaintiff's financial status, I find that she is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when she has funds available.

II.      SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *Id.* at 723-24. In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable—like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist—as well as claims based on fanciful factual allegations like fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

### III.   SCREENING OF COMPLAINT

In her Complaint, Plaintiff sues Correctional Officer ("C/O") Winchester and unidentified CCDC nurses for several different incidents that took place while she was incarcerated at CCDC.[1] ECF No. 1-1 at 1-2. Plaintiff brings three claims and seeks monetary relief. *Id.* at 3-6.

I dismiss Plaintiff's Complaint without prejudice and with leave to amend because the Complaint does not comply with the Federal Rules of Civil Procedure. I now advise Plaintiff of the following requirements under the Federal Rules of Civil Procedure in order to facilitate the filing of a properly formatted amended complaint. Plaintiff is advised that the failure to comply with these rules when drafting and filing her amended complaint may result in this action being dismissed.

---

[1] Although the Complaint is unclear on this point, it appears that Plaintiff may have intended to sue CCDC. (ECF No. 1I- at 1-2). I note that CCDC is a building, not an entity subject to liability under § 1983. *See, e.g., Curran v. Clark Cnty.*, No. 16-cv-01010, 2016 WL 7377092, at *1 (D. Nev. Dec. 20, 2016) ("The CCDC is an inanimate building, not a person or entity subject to liability."); *Estrada v. Gillespie*, No. 13-cv-00280, 2014 WL 587651, at *4 (D. Nev. Feb. 14, 2014) ("CCDC is a building and not a legal entity, so it is not a proper defendant."). Thus, if Plaintiff chooses to amend her Complaint, she should not name CCDC as a defendant.

A. Federal Rules of Civil Procedure 8, 10, 18, and 20

1. Rules 8 and 10

A complaint must contain "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). If the factual elements of a cause of action are not organized into a short and plain statement of a particular claim, a district court may dismiss for failure to comply with Rule 8. *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Under Rule 8, a plaintiff may not allege extraneous facts that are not part of the factual basis for a particular claim. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 is violated when a plaintiff pleads too much). Additionally, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

2. Rules 18 and 20

A basic lawsuit is a single claim against a single defendant. Rule 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." **However, unrelated claims that involve different defendants must be brought in separate lawsuits.** *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). These rules are intended not only to avoid the confusion that arises from bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and do not circumvent the PLRA's three-strikes rule. 28 U.S.C. § 1915(g).

In her Complaint, Plaintiff brings several different claims against multiple jail officials that are unrelated and cannot proceed in a single action. Specifically, Plaintiff asserts two claims based on the denial of medical care, alleging that (i) in August 2022, unidentified CCDC nurses refused to respond to her complaints about chest pain until she passed out and "hit [her] head on the floor"; and (ii) in October and November 2022, unidentified jail officials failed to treat her "stroke symptoms," including pain in the left side of her body and "numbness and [a] tingly feeling in [her] left arm." ECF No. 1-1 at 3, 5. Separately, however, Plaintiff alleges that in September 2022, C/O Winchester sent her to "the hole" based on the false allegation that she had "slammed [her cell] door" after being told that her unit was on lockdown. (*Id.* at 4). Plaintiff's claims concerning the denial of medical care are factually and legally distinct from her claim regarding the decision to send her to the hole. Thus, if Plaintiff elects to amend her Complaint, she must choose which related claims she wishes to pursue in this action. If Plaintiff's amended complaint sets forth unrelated claims that violate the joinder rules, I will dismiss the claims I find to be improperly joined.

I advise Plaintiff that each claim that is raised in her amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to her action that are against the same defendant under Rule 18. Plaintiff may also add any additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as her original claim**. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by either Rule 18 or Rule 20 will result in those claims being dismissed as improperly joined.

Claims may not be joined merely because they are based on the same type of constitutional violation. Plaintiff may not evade these requirements merely by alleging that she told the same person about the alleged constitutional violations or by making conclusory allegations that all the defendants are engaging in a conspiracy or campaign of harassment. Plaintiff also may not evade these requirements by including multiple causes of action in a part of the complaint form reserved for one claim.

B. Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the Complaint. If Plaintiff chooses to file an amended complaint, she is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

I note that if Plaintiff chooses to file an amended complaint curing the deficiencies outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, I will dismiss this case without prejudice. Plaintiff may then initiate a new lawsuit with a new complaint when she is able to comply with the Federal Rules of Civil Procedure.

IV. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) without having to prepay the full filing fee is **granted**. Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the PLRA. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the PLRA, the Clark County Detention Center will forward payments from the account of <u>Rhonda Ramsey, #8655211</u> to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350

filing fee has been paid for this action. If Plaintiff should be transferred and come under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward her filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk shall send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the **CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the PLRA.

It is further ordered that the Clerk of the Court file the Complaint (ECF No. 1-1).

It is further ordered that the Complaint (ECF No. 1-1) is dismissed in its entirety without prejudice and with leave to amend.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of her Complaint, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of her Complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, she should use the approved form and she will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff chooses to file an amended complaint, I will screen the amended complaint in a separate screening order. The screening process may take several months.

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, I will dismiss this action without prejudice for Plaintiff to file a new lawsuit when she is able to submit a complaint that complies with the Federal Rules of Civil Procedure.

DATED: January 9, 2023

_____
UNITED STATES DISTRICT JUDGE